### ARTIE JACKSON V. THE STATE.

No. 9998.   Delivered March 17, 1926.

**1.—Possessing Intoxicating Liquor—Search and Seizure—No Errors Shown.**

Where the state's evidence discloses that whiskey was found in a building formerly used as a store building on the premises of appellant, and near his residence, and appellant claimed said building was sometimes used by members of his family for sleeping purposes, there was no error in refusing to sustain appellant's motion to dismiss the case because officers were without a search warrant, and the discovery of whisky on the premises was not lawful.

**2.—Same—Requested Charges—Properly Refused.**

Appellant on the trial requested several special charges, the issue in all of which were correctly and fairly covered by the court's main charge, and there was no error in refusing his special charges.

**3.—Same—Evidence—Held Sufficient.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, the evidence for the state clearly establishes that whiskey was found on premises of appellant, and that appellant was connected therewith. Evidence introduced by appellant was to the contrary. This presented a question of fact, purely for the jury, and having been decided adversely to the appellant, this court is unauthorized to interfere with the finding of the jury thereon.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*H. T. Lyttleton* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Harrison County for the offense of unlawfully possess-

ing intoxicating liquor for the purpose of sale, and his punishment assessed at two years in the penitentiary.

The record discloses that the officers found in the building formerly used as a store building, on the premises of the appellant and near his residence, a gallon and a half or two gallons of whiskey. The state's evidence was to the effect that the appellant, just previous to the officer's locating said whiskey, had sold to one of the state's witnesses, Perry, a drink of said whiskey, and received therefor 25 cents. The appellant denied any knowledge of the whiskey being on said premises, and sought to show from circumstances and otherwise that same had just been recently left there without his knowledge by the said witness Perry. It was further contended by the appellant that said building was being used by some of the members of his family at said time for sleeping purposes, and came within the definition of a private residence, and that the testimony introduced by the state was unwarranted on account of not showing the proper authority for said officers' testimony relative to the discovery of the whiskey in question in said house. This is a sufficient statement of the facts for this opinion.

Bill 1 complains of the action of the court in refusing to sustain his motion to suppress the anticipated testimony of state's witnesses, and to dismiss the case, because it is alleged that said building was a private residence, and said officers, the state's witnesses, were without lawful authority to search said premises. There is no error shown in this bill.

Bill 2 complains of the refusal of the court to give his special charges, 1 to 6, inclusive. This bill as presented shows no error, and the record in our opinion discloses that the trial judge properly charged the jury on all phases of the case raised by the testimony, in connection with the special charge given at the request of the appellant.

Bill of exception 3 also complains of the action of the court in permitting the state to introduce testimony through the officers Ezell and Glasscock, relative to finding the whiskey in question, but as presented and qualified by the court, said bill shows no error.

Bill 4 complains of the action of the court on motion for new trial, in refusing to permit the appellant to introduce testimony relative to the reputation and credibility of the State's witness Perry. This bill as presented shows no error in the ruling of the court thereon.

Bill 5 complains of the action of the court in refusing to permit the appellant to testify that the officers, prior to the

time in question, had frequently searched his premises and never found intoxicating liquor prior to the date in question. Said bill fails to disclose any error in the action of the court thereon.

We find on examination of this record that there is no question but that whiskey was found on the premises of the appellant, as contended by the State, but the real issue was whether or not the appellant was connected in any manner therewith, or knew same was there located. If the state's witnesses are to be believed, the appellant was guilty, and if the appellant's evidence and his witnesses are to be believed, he was innocent. This was a question of fact purely for the jury, which was decided adversely to the appellant, and under such circumstances as here presented, this court is unauthorized to interfere with the finding of the jury thereon.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed and it is accordingly so ordered.

*Affirmed.*